IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARC J. STOUT,
          Plaintiff,

v.                                             Civil Action No. 3:22cv437

FIRST SERGEANT HARRIS, et al.,
          Defendants.

## OPINION

When Marc Stout dropped small, crumpled bags of white powder at the Spotsylvania Towne Center (the "mall") and recorded passersby as they reacted to the bags, it caught mall security's attention. They called the police, and Spotsylvania County Sheriff's deputies arrived. The deputies arrested Stout before learning he had dropped baking soda, not drugs, to test whether the officers would respect his rights.

Stout sued two of the deputies—First Sergeant Harris and Deputy Foster—for allegedly violating his Fourth Amendment rights by arresting and searching him.[1] The parties have now filed cross-motions for summary judgment. (ECF Nos. 42, 44.) Because the deputies had probable cause to arrest Stout, the Court will grant the defendants' motion and deny Stout's motion.

## I. BACKGROUND

On April 11, 2021, Stout arrived at the mall wearing a full-face mask covered in rainbow stripes and a shirt that read "MDMA" and "Molly" in large letters. (ECF No. 45-6B.) Inside the mall, he set up his phone on a table, began recording, and tossed a clear, crumpled plastic baggie

---

[1] Stout also brings a Fourteenth Amendment claim for being "denied liberty without due process." (ECF No. 1, at 3.) That claim fails, however, because a plaintiff cannot "[d]ress[] a Fourth Amendment claim up in due process language [to] transform it into a Fourteenth Amendment claim." *See Smith v. Travelpiece*, 31 F.4th 878, 885 (4th Cir. 2022) (citing *Manuel v. City of Joliet*, 580 U.S. 357, 367 (2017)).

containing white powder to the floor. (ECF No. 45-3.)[2] Stout's phone camera recorded multiple people walking over the baggie, and one person even picked it up, before cleaning staff swept it away. (*Id.* at 01:16–02:00.) Stout did the same thing outside the mall, recording at least one person picking up the baggie containing the powder as Stout stood nearby. (ECF No. 45-3, at 02:00–02:17.)

Mall security saw Stout on the security cameras and called the police. (ECF No. 45-1, ¶ 6.[3]) Deputy Foster arrived, and after security showed him the mall security footage, he picked up one of the bags. (*Id.* ¶¶ 6–8.) Foster later confronted Stout in the mall parking lot. (*Id.* ¶ 12.)[4] Foster asked Stout what he had been doing in the mall with the bags, but Stout refused to answer. (ECF No. ECF No. 45-4, at 00:42–03:00.) He instead began arguing with Foster and told him he did not have to tell Foster who he was or what he was doing. (*Id.*)

Stout then began yelling, refusing to give Foster his identification and calling Foster a "drug warrior" who supports the "war on drugs." (ECF No. 45-4, at 03:59–05:55.) Foster called for backup, and other deputies arrived soon after, including Sergeant Harris. (ECF No. 45-3, at 08:14, 10:04.)[5] When Sergeant Harris pulled up in his police car, he immediately got out and

---

[2] Mall security cameras also recorded Stout. (ECF Nos. 45-6C, 45-6G.)

[3] The defendants each submitted declarations with their motion for summary judgment. (ECF Nos. 45-1, 45-2.) Stout has not objected to those declarations, so the Court accepts the facts from the declarations to the extent Stout and the video evidence do not contradict them. *See* Fed. R. Civ. Pro. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by Rule 56(c), the court may: . . . consider the fact undisputed for purposes of the motion.").

[4] Foster recorded the encounter with his body camera, (ECF No. 45-4), while Stout recorded with his cell phone until the deputies handcuffed him, (ECF No. 45-3, at 02:18).

[5] When Harris arrived, he began recording with his body camera. (ECF No. 45-5.)

handcuffed Stout. (ECF No. 45-4, at 08:20). Stout again refused to identify himself. (*Id.* at 09:18.) The deputies then searched Stout and placed him in a police car. (*Id.* at 10:06.) The deputies discussed testing the white powder, noting that the baggie was "consistent with the way drugs are packaged." (ECF No. 45-5, at 06:14.) As the deputies tested the powder, Harris began speaking with Stout, who finally gave his name and admitted the bags contained only baking soda. (*Id.* at 05:30–06:56, 08:10, 08:49–11:27.) Stout explained that he orchestrated the incident to see if the police would respect his constitutional rights. (*Id.* at 08:49–11:27.) After confirming Stout had no outstanding warrants, the deputies released him without charging him. (*Id.*; ECF No. 45-1, ¶ 33.)

## II. DISCUSSION[6]

Stout alleges that the defendants violated his Fourth Amendment rights by arresting and searching him without probable cause. Accordingly, if the defendants had probable cause to arrest Stout, he has no valid Fourth Amendment claim. *See English v. Clarke*, 90 F.4th 636, 645–46 (4th Cir. 2024).[7] To determine whether the police have probable cause to arrest a person, a court must consider whether the "totality of the circumstances" "leading up to the arrest" created "a reasonable

---

[6] The Court may award summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "'A fact is material if it might affect the outcome of the suit under the governing law.' A dispute is 'genuine' if 'a reasonable jury could return a verdict for the non-moving party.'" *Knibbs v. Momphard*, 30 F.4th 200, 213 (4th Cir. 2022) (citation omitted) (first quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013); and then quoting *Strothers v. City of Laurel*, 895 F.3d 317, 326 (4th Cir. 2018)).

[7] *See also United States v. Currence*, 446 F.3d 554, 556 (4th Cir. 2006) ("[W]hen law enforcement officers have probable cause to make a lawful custodial arrest, they may—incident to that arrest and without a warrant—search 'the arrestee's person and the area 'within his immediate control.'" (quoting *Chimel v. California*, 395 U.S. 752, 763 (1969))).

3

ground for belief of guilt . . . particularized with respect to the person to be searched or seized." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (quoting *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979)).

The defendants here knew that Stout had carried small, crumpled bags of white powder, which someone could reasonably think was illegal drugs. He also repeatedly dropped the bags and recorded not just himself but mall patrons as they passed or picked up the bags. And when Foster first spoke to Stout, he found Stout wearing a strange getup that included a full-face, rainbow-striped mask and an "MDMA" shirt. When Foster tried to speak with Stout, Stout argued with him and refused to answer questions. Together, these circumstances could lead a reasonable police officer to conclude that Stout had or used illegal drugs, or at least tried to distribute fake drugs to people in the mall. *See* Va. Code Ann. § 18.2-250; *id.* § 18.2-248(A) ("[I]t shall be unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance."). Thus, the defendants had probable cause to arrest and search Stout, and his claims fail as a matter of law.

### III. CONCLUSION

Stout's claims rely on the absence of probable cause justifying his arrest. Because the defendants had probable cause, the Court will grant the defendants' motion for summary judgment and deny Stout's motion for summary judgment.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 8 February 2024  
Richmond, VA

/s/  
John A. Gibney, Jr.  
Senior United States District Judge